Tremayne Durham, Plaintiff, Pro Se
#647007/S.B.I. OS01613467
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| TREMAYNE DURHAM,<br>    Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION No.:_____ |
| | : | |
| B. DAVIS,<br>Administrator<br>D. RICHARDS,<br>Associate Administrator<br>C. SEARS,<br>Major<br>O. MENDOZA,<br>Sergeant<br>M. MERRIEL,<br>Senior Correctional Office<br>S. LEWIS,<br>Senior Correctional Officer<br>A. McClean,<br>Senior Correctional Officer<br>    Defendants. | : | |

## INTRODUCTION

COMES NOW, Tremayne Durham, Plaintiff, Pro Se, in the above matter, and beseeches this honorable Court to treat this instant cause liberally, and afford it the principles of a pro se litigant as established by the U.S. Supreme Court in <u>Haines v. Kerner,</u> 404 U.S. 519, 92, S.Ct. 594, 30 L.Ed. 2d. 652, and <u>Estelle v. Gamble,</u> 429 U.S. 106.

1

## COMPLAINT

Tremayne Durham, Plaintiff, Pro Se, allege and complains against Defendants B. Davis, D. Richards, C. Sears, O. Mendoza, M. Merriel, S. Lewis, and A. McClean, as follows:

## JURISDICTION AND VENUE

1. This is a 1983 action brought to redress the deprivation under the Civil Rights Act enacted by Congress to redress the deprivation under color of state law and Constitution of the United States. 42 U.S.C. § 1983. This Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 1343 (a)(3). Jurisdiction over Plaintiff's claims for declaratory relief can be found at 28 U.S.C. § 2201 and 2202. Jurisdiction over Plaintiff's claims for injunctive relief can be found at 28 U.S.C. § 2283 and § 2284, and Rule 65 of the Federal Rules of Civil Procedure.

## PREVIOUSLY DISMISSED ACTION

2. Plaintiff has not had an action or appeal dismissed on three or more prior occasions on the grounds that the action or appeal was frivolous, malicious, or failed to state a claim upon which relief may be granted.

## PARTIES

3. Plaintiff, TREMAYNE DURHAM, is a Oregon State prisoner, convicted and sentenced by the State of Oregon and is confined as

an out of state contract prisoner pursuant to the Out of State Compact Agreement Act (hereafter I.C.A.) with the New Jersey Department of Corrections at New Jersey State Prison. (Hereafter NJSP) At all times relevant to this complaint defendants were acting under color of state law. Plaintiff is a citizen of the United States.

4. Defendant, B. DAVIS, is the Administrator at NJSP during the violations complained of herein by Plaintiff. Defendant Davis carries out his official duties at the prison's business address, which is, NJSP, 3rd and Federal Street, Trenton, NJ 08625. Defendant Davis, is responsible for implementing rules, policy procedures, operating practices, and has final supervisory authority at NJSP to modify, change, deny or approve as such in a consistent manner with the governing rules as defined in 10:A, state laws, and the constitution of the U.S., as well as enforcing the same. Defendant Davis has supervisory authority over defendants D. Richards, C. Sears, O. Mendoza, M. Merriel, S. Lewis, and A. McClean to correct their behavior if the behavior is not in compliance with 10:A, state law, or the constitution of the U.S. Defendant Davis is being sued in his individual and official capacity.

5. Defendant, D. RICHARDS, is the Associate Administrator at NJSP, during the violations complained of herein by Plaintiff. Defendant Richards carries out his official duties at the prison's business address, which is, NJSP, 3rd and Federal Street, Trenton,

NJ 08625. Defendant Richards, to the best of Plaintiff's knowledge has supervisory authority at NJSP over defendants C. Sears, O. Mendoza, M. Merriel, S. Lewis, and A. McClean. Defendant Richards, is responsible for implementing rules, policy procedures, operating practices, and has supervisory authority at NJSP to modify, change, deny or approve as such in a consistent manner with the governing rules as defined in 10:A, state laws, and the constitution of the U.S., as well as enforcing the same. Defendant Richards is responsible for having knowledge of custodial operations in the North Compound which includes the medical department. Defendant Richards is being sued in his individual and official capacity.

6. Defendant, C. SEARS, is the Major at NJSP, during the violations complained of herein by Plaintiff. Defendant Sears carries out his official duties at the prison's business address which is, NJSP, 3rd and Federal Street, Trenton, NJ 08625. Defendant Sears to the best of Plaintiff's knowledge is responsible for implementing rules, policy procedures, operating practices, and has supervisory authority at NJSP to modify, change, deny or approve as such in a consistent manner with the governing rules as defined in 10:A, state laws, and the constitution of the U.S., as well as enforcing the same. Defendant Sears has supervisory authority over defendants O. Mendoza, M. Merriel, S. Lewis, and A. McClean to correct their behavior if the behavior is not in

4

compliance with 10:A, state laws and the constitution of the U.S., and enforcing all policies and operating procedures inside of the medical department. Defendant Sears is being sued in his individual and official capacity.

7. Defendant, O. MENDOZA, is the Sergeant at NJSP, during the violations complained of herein by Plaintiff. Defendant Mendoza carries out his official duties at the prison's business address which is, NJSP, 3rd and Federal Street, Trenton, NJ 08625. Defendant Mendoza to the best of Plaintiff's knowledge is responsible for enforcing rules, policy procedures, operating practices, and has supervisory authority at NJSP to modify, change, deny or approve as such in a consistent manner with the governing rules as defined in 10:A, state laws, and the constitution of the U.S., as well as enforcing the same. Defendant Mendoza has supervisory authority over defendants M. Merriel, S. Lewis, and A. McClean to correct their behavior if the behavior is not in compliance with 10:A, state laws and the constitution of the U.S., and enforcing all policies and operating procedures inside of the medical department. Defendant Mendoza is being sued in his individual and official capacity.

8. Defendant, M. MERRIEL, is a senior correctional officer at NJSP, during the violations complained of herein by plaintiff. Defendant Merriel carries out his official duties at the prison's business, which is New Jersey State Prison 3rd, and Federal Street,

5

Trenton, NJ. 08625. At the time of the violations complained of by plaintiff defendant Merriel was working as a senior correctional officer assigned to the medical department clinic area. Defendant Merriel's responsibility is to enforce the prison's rules, policies, and operating procedures inside the clinic which includes, but not limited to, security for the clinic, registering prisoners names and numbers to see a nurse, provider, or doctor, physical therapist, and the rotation of such prisoners in an orderly fashion. Defendant Merriel is being sued in his individual and official capacity.

9. Defendant, S. Lewis, is a senior correctional officer at NJSP, during the violations complained of herein by plaintiff. Defendant Lewis carries out her official duties at the prison's business, which is New Jersey State Prison 3rd, and Federal Street, Trenton, NJ. 08625. At the time of the violations complained of by plaintiff defendant Lewis was working as a senior correctional officer assigned to the medical department of the clinic area. Defendant Lewis' responsibility is to enforce the prison's rules, policies, and operating procedures inside the clinic which includes, but not limited to, security for the clinic, registering prisoners names and numbers to see a nurse, provider, or doctor, physical therapist, and the rotation of such prisoners in an orderly fashion. Defendant Lewis is being sued in her individual and official capacity.

10. Defendant, A. McClean, is a senior correctional officer at NJSP, during the violations complained of herein by plaintiff. Defendant McClean carries out his official duties at the prison's business, address which is New Jersey State Prison 3rd, and Federal Street, Trenton, NJ. 08625. At the time of the violations complained of by plaintiff defendant McClean was working as a senior correctional officer assigned as a relief officer to the medical department of the clinic area. Defendant McClean's responsibility is to enforce the prison's rules, policies, and operating procedures inside the clinic which includes, but not limited to, security for the clinic, registering prisoner's names and numbers to see a nurse, provider, or doctor, physical therapist, and the rotation of such prisoners in an orderly fashion. Defendant M. McClean, is being sued in his individual and official capacity.

## FACTS

11. On 1/3/18, plaintiff was diagnosed as having lumbar stenosis requiring epidural steroid injections. (SEE: Exhibit A).

12. On 5/20/19, plaintiff was issued a cane by Doctor R. Miller, MD for six months for plaintiff's lumbar stenosis condition (SEE: Exhibit B.)

13. On 6/16/19, plaintiff submitted a sick call slip to be seen by a health care provider for his lower back.

7

14. On 6/18/19, plaintiff went to the clinic for his sick call appointment. After first giving his name to defendant correctional officer S. Lewis who was the officer standing behind the lectern at the time. C/O Lewis instructed plaintiff to wait in the clinic holding room.

Defendant Correctional Officer M. Merriel then ordered plaintiff to leave his cane inside the clinic.

Defendant Correctional Officer A. McClean pointed to a receptacle by the clinic door and instructed plaintiff to leave his cane there. Defendant B. Davis, D. Richards, C. Sears, and O. Mendoza are aware of this practice and have authorized it and acquiescenced to it.

Plaintiff followed the officers instructions and left his cane inside the clinic in the receptacle. As a result of not having his cane for support and no handrails in the holding room to accommodate plaintiff when he attempted to get up to reenter the clinic after his name was called his legs suddenly gave out and he fell to the floor writhing in extreme pain cascading down his lower back to his legs.

An emergency medical code was called by the officer working in the 1 E Booth which is across from the clinic.

Plaintiff was placed on a stretcher in acute pain and taken to the clinic trauma room where he was given various doses of pain

medication including; Ketorolae, Tromethamne, Ibuprofen, and Robaxin. (SEE: Exhibits C1, C2, & C3.)

Plaintiff was later admitted to the clinic infirmary where he stayed for three days under observation and medical treatment. (SEE: Exhibits D1 & D2.)

15. On 6/24/19, plaintiff filed an inquiry to get this practice stopped. On 6/25/19, defendant C. Sears answered plaintiff's inquiry refusing to stop this practice. (SEE: Exhibit E.).

16. On 6/25/19, plaintiff filed a grievance to get this practice stopped.

17. On 6/27/19, defendant C. Sears answered plaintiff's grievance refusing to stop this practice. (SEE: Exhibit F.).

18. On 7/1/19, plaintiff filed an appeal.

19. on 7/9/19, plaintiff's appeal was denied. (SEE: Exhibit F.).

20. On 7/10/19, plaintiff filed another grievance to get the practice stopped of prisoners' cane being taken while also alerting the administration there is no appropriate accommodations to assist prisoners once their cane is taken. (SEE: Exhibit G. )

21. On 7/15/19, Gwendolyn Lewis wrote the matter was being referred to Health Services at Central.

22. On 7/16/19, plaintiff appealed the matter.

9

23. On 7/17/19, Cindy Ford wrote the matter was being referred to defendant B. Davis who is the administrator.

24. On 7/25/19, defendant D. Richards denied plaintiff's appeal. (SEE: Exhibit H.).

25. Plaintiff have exhausted all applicable available administrative grievances pursuant to 42 U.S.C. § 1991(e). (SEE: Exhibits A through H.).

26. Prior to filing this complaint about the practices, acts, and failure to act, which resulted in plaintiff's Eight Amendment Right being violated, when it is well established Law that defendants could not violate plaintiff's rights. Defendants knew or should have known that their actions described above were in direct violation of well-established Court decisions designed to protect plaintiff's rights under the Constitution of the United States.

27. Defendants actions as set forth in the Complaint and paragraphs above demonstrates defendants arbitrary, capricious, malicious, and intentionally infringement upon plaintiff's right with reckless disregard for the consequences of their actions and/or inactions.

28. Plaintiff's reassert 11, through 24, and states defendants practices, acts, and failure to act, are in violation of clearly established law known or should have been known to defendants divesting them of any shield of qualified immunity.

## CAUSE OF ACTION I

### VIOLATION OF PLAINTIFF'S EIGHT AMENDMENT RIGHTS

### DELIBERATE INDIFFERENCE.

29. Plaintiff repeats and alleges paragraphs 11, through 24, if same has been set forth herein.

### CAUSE OF ACTION II

30. Defendants B. Davis, D. Richards, C. Sears, O. Mendoza, M. Merriel, S. Lewis, and A. McClean (Hereafter Defendants) each had personal knowledge and/or acquiescence by their practices, acts, and failure to act. Defendants arbitrarily, capriciously, maliciously, and intentionally engaged in unlawful actions which were cruel and unusual which resulted in plaintiff suffering unnecessary and wanton pain violating plaintiff's Eight Amendment Rights.

### CAUSE OF ACTION III

### UNITED STATES REHABILITATION ACT AND/OR AMERICANS WITH DISABILITIES ACT

31. Plaintiff repeats and alleges paragraphs 11, through 30, if same has been set forth herein.

32. Defendants each had personal knowledge and/or acquiescence relating to the violations of the U.S. Rehabilitation Act and/or Americans with Disabilities Act complained of herein this complaint.

11

33. Plaintiff was diagnosed with severe and multiple back complications for which plaintiff was prescribed a cane by a doctor to assist plaintiff with walking and standing.

34. Defendants acquiescence and had personal knowledge of operating practices and policy that allowed for plaintiff's cane to be taken causing plaintiff to fall resulting in plaintiff exacerbating his degenerative back condition.

35. The U.S. Rehabilitation Act and/or The Americans with Disabilities Act require(s) that Defendants provide a reasonable accommodation for plaintiff's disability, which they failed to do when the Defendants took plaintiff's cane.

36. Defendants acting under the color of state law violated the U.S. Rehabilitation Act, and/or The Americans with Disabilities Act, by taking plaintiff's cane issued to plaintiff by a doctor for medical reasons.

37. As a direct and proximate result of Defendants violation of the U.S. Rehabilitation with Disabilities Act, plaintiff suffered unnecessary and wanton pain, and had to be hospitalized in the prison's infirmary for three days and prescribed medication for pain.

By their practices, acts, and failure to act, Defendants arbitrarily, capriciously, maliciously, and intentionally engaged in unlawful actions, which resulted in plaintiff's Eight Amendment rights being violated.

**PRAYER FOR RELIEF**

Plaintiff has no adequate remedy at Law to redress the wrongs set forth in this complaint. Plaintiff has suffered and will continue to suffer irreparable injury as a result of the unlawful acts, and practices and failure to act by the defendants as alleged herein, unless plaintiff is granted the injunctive relief he requests he seeks.

WHEREFORE: Plaintiff requests that this Court grant the following relief:

A. Adjudge and declare defendants actions as set forth in the complaint paragraphs above demonstrates they arbitrarily, capriciously, maliciously, and intentionally deprived plaintiff of his Eight Amendment Rights under the Constitution of the United states by authorized actions with reckless disregard for the consequences of their actions. Consequently, plaintiff is entitled to an award for compensatory damages in the amount of $100.000, thousand dollars from each Defendant which hopefully is a sufficient amount to deter defendants from continuing such practices as one, some, or all of the defendants have a history of being sued for the very same thing as alleged in the complaint.

B. Adjudge and declare defendants actions as set forth in the complaint paragraphs above demonstrates they arbitrarily, capriciously, maliciously, and intentionally deprived plaintiff of his Eight Amendment Rights under the Constitution of the United

states by authorized action with reckless disregard for the consequences of their actions. Consequently, plaintiff is entitled to an award for punitive damages in the amount of $100.000, thousand dollars from each Defendant which hopefully is a sufficient amount to deter defendants from continuing such practices as one, some, or all of the defendants have a history of being sued for the very same thing as alleged in the complaint.

    C. Adjudge and declare Defendants actions as set forth in the complaint paragraphs above demonstrates they violated the Eight Amendment under cruel and unusual punishment. Consequently, plaintiff is entitled to an award of $100.000, thousand dollars from each Defendant, which hopefully is sufficient amount to deter Defendants from continuing such actions.

    D. Adjudge and Declares Defendants actions as set forth in the complaint paragraphs above demonstrates they violated the U.S. Rehabilitation Act, and/or The Americans with Disabilities Act. Consequently, plaintiff is entitled to an award for compensatory damages in the amount of $100.000, thousand dollars from each Defendant which hopefully is a sufficient amount to deter Defendants from continuing such actions.

    E. Adjudge and Declares Defendants actions as set forth in the complaint paragraphs above demonstrates they violated the U.S. Rehabilitation Act, and/or The Americans with Disabilities Act. Consequently, plaintiff is entitled to an award for punitive

damages in the amount of $100.000, thousand dollars from each Defendant which hopefully is a sufficient amount to deter Defendants from continuing such actions.

F. permanent injunction ordering defendants their agents, official employees, and any and all persons acting in concert with them under color of state law to take all necessary actions to: (1) Correcting the violations herein this complaint by immediately stopping the practice and interfering with prisoner's medical treatment as complained of in the complaint, and any other amenities this Court deems just and fair.

G.   Appoint of Counsel,

H.   Order a Jury Trial,

I.   Grant such other relief as the Court deems just and equitable.

DATED: 10-31-19

Respectfully submitted,

*Tremayne Durham*

TREMAYE DURHAM #647007
#S.B.I. OS01613467
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625

15