**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| |
|---|
| TREMAYNE DURHAM, |
| Plaintiff, |
| v. |
| B. DAVIS, et al., |
| Defendants. |

Civil Action No. 19-19126 (MAS) (TJB)

**OPINION**

**SHIPP, District Judge**

This matter comes before the Court on the Court's *sua sponte* screening of *pro se* Plaintiff Tremayne Durham's civil rights complaint (ECF No. 1) pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A. Also before the Court is Plaintiff's motion seeking a preliminary injunction. (ECF No. 7.) For the reasons set forth below, the Court will dismiss Plaintiff's complaint without prejudice and will deny his motion without prejudice.

**I.     BACKGROUND**

Plaintiff is a convicted prisoner of the State of Oregon who is currently housed in New Jersey State Prison pursuant to an interstate compact agreement. (ECF No. 1 at 3.) In January 2018, Plaintiff was diagnosed with lumbar stenosis, a condition which causes him back pain. (*Id.* at 7-8.) In May 2019, a prison doctor ordered that Plaintiff be provided a cane to assist him in walking. (*Id.* at 7.) On June 18, 2019, Plaintiff reported to the prison's medical clinic for a sick call appointment. (*Id.* at 8.) When he arrived, Defendant Lewis instructed Plaintiff to wait in the clinic's holding room until he was called in for his appointment. (*Id.*) Defendant Merriel,

however, ordered Plaintiff to leave his walking cane in the clinic as prison security regulations do not permit such devices to be taken into the holding room where prisoners might interact with one another while awaiting their appointments. (*Id.* at 8; ECF No. 1-2 at 10.) Prisoners needing aid in entering the holding room are instead permitted to use the clinic's handrails to walk without their equipment, although the holding room itself is not apparently equipped with such rails. (ECF No. 1-2 at 10.)

Following the officers' instructions, Plaintiff left his cane and walked into the holding room, where he remained until it was time for his appointment. (ECF No. 1 at 8.) When Plaintiff tried to stand to walk to his appointment, Plaintiff's "legs suddenly gave out and he fell to the floor." (*Id.*) The clinic officers called an emergency medical code, and Plaintiff was taken by stretcher into the infirmary where he was provided medical treatment and pain medication. (*Id.* at 8-9.) Plaintiff now seeks to hold the officers and their supervisors liable for the injuries he suffered as result of attempting to stand without his cane.

## II. LEGAL STANDARD

This Court is required to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915A because Plaintiff is a convicted state prisoner suing employees of New Jersey State Prison. Pursuant to § 1915A, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) [or § 1915A] is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

2

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

### III. <u>DISCUSSION</u>

In his complaint, Plaintiff seeks to hold several corrections officers and their superiors responsible for his injuries through two theories of liability – first, a constitutional claim raised pursuant to 42 U.S.C. § 1983 premised on his belief that Defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment; and second, through a claim that the denial of the use of his cane while in the holding area amounts to a violation of either the Americans with Disabilities Act ("ADA") or the related Rehabilitation Act. This Court will address each claim in turn.

Turning first to Plaintiff's constitutional claim, a plaintiff seeking to hold a defendant liable for a violation of the Eighth Amendment related to a medical condition must demonstrate that the defendant was deliberately indifferent to his serious medical needs. *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). To plead such a claim, a plaintiff must plead facts indicating that he had a sufficiently serious medical need and that the named defendants engaged in acts or omissions which indicate that they were deliberately indifferent to that need. *Id.* An act or omission will amount to deliberate indifference where it indicates that the defendant "knows of and disregards an excessive risk to inmate health or safety." *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). An inmate's medical need will in turn be sufficiently serious to support an Eighth Amendment claim where the need "has been diagnosed . . . as requiring treatment or . . . is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (citation omitted), *cert. denied*, 486 U.S. 1006 (1988).

In this matter, Plaintiff essentially pleads that he arrived at the clinic for a medical appointment, and he was required to leave his cane outside of the room in which he was made to wait to see medical staff. Although Plaintiff certainly pleads facts indicating a medical need – his spinal issues and back pain – he pleads no facts which would indicate that any of the named

4

Defendants were in any way aware that he suffered from this condition, or that Plaintiff was unable to walk even short distances without the use of his cane. Indeed, the facts Plaintiff does plead undercut such a theory – Plaintiff states in his complaint that he was asked to leave his cane, did so, and successfully walked to his seat in the holding room, and that he only experienced difficulty, and ultimately injury, upon attempting to stand up sometime later, at which point Defendants took immediate action to help him. The mere fact that Plaintiff possessed a cane does not alone suffice to show that the officers knew or should have known that he would be unable to comply with their instructions or that there was an excessive risk of harm to Plaintiff should he be required to walk without his cane. Plaintiff has therefore failed to plead facts which would show that any of the named Defendants were aware of an "excessive risk" to Plaintiff's "health or safety" that would result from his walking a short distance without his cane, and Plaintiff therefore fails to plead that any Defendant was deliberately indifferent to his medical needs. *Natale*, 318 F.3d at 582. Plaintiff's § 1983 claim is therefore dismissed without prejudice as to all Defendants.

In his remaining claim, Plaintiff contends that a prison policy which does not permit him to take a cane into a holding area in the prison's medical department amounts to a violation of his rights under either the ADA or Rehabilitation Act. "To state a claim under either the ADA or the [Rehabilitation Act, a plaintiff] must allege that he is a qualified individual with a disability, who was precluded from participating in a program, service, or activity, or otherwise was subject to discrimination, by reason of his disability." *Furgess v. Pennsylvania Dep't of Corr.*, 933 F.3d 285, 288-89 (3d Cir. 2019). Under the Rehabilitation Act, a plaintiff is also required to allege that the entity which allegedly discriminated against him received federal funding. *See, e.g., CG v. Pa. Dep't of Educ.*, 734 F.3d 229, 235 n.10 (3d Cir. 2013); *Owens v. Armstrong*, 171 F. Supp. 316, 328 (D.N.J. 2016). To establish causation sufficient to state a claim for relief under the Rehabilitation Act, a plaintiff must plead facts showing that his disability was "the sole cause of

5

discrimination" against him, while the ADA instead requires "but for" causation. *Furgess*, 933 F.3d at 291 n. 25; *C.G.*, 734 F.3d at 236 n. 11. Neither statute provides a basis for individual liability against specific officers, *see Matthews v. Pennsylvania Dep't of Corr.*, 613 F. App'x 163, 170 (3d Cir. 2015), and state officers are immune from suit for money damages to the extent they are named as Defendants in their official capacity. *See, e.g., O'Donnell v. Pennsylvania Dep't of Corr.*, 790 F. Supp. 2d 289, 305 (M.D. Pa. 2011).

Initially, the Court notes that as Plaintiff has named only individual defendants in their individual and official capacities, and has not named the prison, N.J. Department of Corrections, or other public entity as a defendant, all Defendants must be dismissed in their individual capacities and any of Plaintiff's claims for money damages must in turn be dismissed. *Matthews*, 613 F. App'x at 170; *O'Donnell*, 790 F. Supp. 2d at 305. Likewise, as Plaintiff has not pled that the prison receives federal funding in his complaint, nor has he pled that the Defendants *intentionally* discriminated against him, his official capacity claims seeking injunctive relief under the Rehabilitation Act must likewise be dismissed. *Furgess*, 933 F.3d at 291 n. 25; *C.G.*, 734 F.3d at 235 n. 10, 236 n. 11.

Turning to Plaintiff's only remaining claim - his claim seeking injunctive relief under the ADA – Plaintiff has failed to plead a cognizable basis for relief. Even assuming that Plaintiff has a qualifying disability, Plaintiff has not actually pled facts indicating that he was denied the ability to participate in a service or other provision of the prison by reason of his disability. It appears that the only service in question in this matter is access to the medical department of the prison – but Plaintiff was not denied such access. That he injured himself in standing is certainly unfortunate, but he was not denied care – he instead received care, albeit for the injury that resulted from his attempt to walk. Because Plaintiff has not clearly identified the program, service, or activity which he was allegedly denied, nor has he pled facts showing he was denied any such

6

service, program, or activity because of his back issues, he has failed to plead a plausible claim for relief under the ADA. *Furgess*, 933 F.3d at 288-89. Plaintiff's ADA claim seeking injunctive relief is therefore dismissed without prejudice.

Finally, the Court notes that Plaintiff in October 2020 filed a motion seeking a preliminary injunction. (ECF No. 7.) Injunctive relief is an "extraordinary remedy, which should be granted only in limited circumstances." *Novartis Consumer Health v. Johnson & Johnson – Merck Consumer Pharms. Co.*, 290 F.3d 578, 586 (3d Cir. 2002). In order to show that he is entitled to such relief, a petitioner must

> demonstrate that "(1) he is likely to succeed on the merits; (2) denial will result in irreparable harm; (3) granting the injunction will not result in irreparable harm to the defendants; and (4) granting the injunction is in the public interest." *Maldonado v. Houston*, 157 F.3d 179, 184 (3d Cir. 1998) (as to a preliminary injunction); *see also Ballas v. Tedesco*, 41 F. Supp. 2d 531, 537 (D.N.J. 1999) (as to temporary restraining order). A [petitioner] must establish that all four factors favor preliminary relief. *Opticians Ass'n of America v. Independent Opticians of America*, 920 F.2d 187 (3d Cir. 1990).

*Ward v. Aviles*, No. 11-6252, 2012 WL 2341499, at *1 (D.N.J. June 18, 2012). For the reasons expressed above, all of Plaintiff's claims will be dismissed without prejudice at this time. Plaintiff has therefore failed to show a likelihood of success on the merits of his claims at this time, and his motion seeking an injunction (ECF No. 7) is therefore denied.

## IV. CONCLUSION

For the reasons expressed above, Plaintiff's complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**, and his motion seeking a preliminary injunction (ECF No. 7) is **DENIED WITHOUT PREJUDICE**. An order consistent with this Opinion will be entered.

*/s/ Michael A. Shipp*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**