<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TREMAYNE DURHAM,<br><br>Plaintiff,<br><br>v.<br><br>B. DAVIS, *et al.*,<br><br>Defendants. | Civil Action No. 19-19126 (MAS) (TJB)<br><br>**OPINION** |

<u>**SHIPP, District Judge**</u>

This matter comes before the Court on Plaintiff's motion for leave to file an amended complaint. (ECF No. 22.) Because Plaintiff does not require leave of the Court to amend his complaint once prior to the serving of the complaint and the filing of a responsive pleading, *see* Fed. R. Civ. P. 15(a), that motion is granted solely to the extent that Plaintiff's amended complaint (ECF No. 22) shall be deemed filed. Because the amended complaint shall be filed, and as Plaintiff is a convicted prisoner who seeks to sue employees of New Jersey State Prison, the Court is required to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and dismiss any claim that is frivolous, malicious, or fails to state a claim upon which relief may be granted. For the following reasons, Plaintiff's amended complaint is dismissed as time barred.

I.    <u>**BACKGROUND**</u>

In October 2019, Plaintiff filed his initial complaint in this matter raising claims related to injuries he allegedly suffered as a result of a fall in a prison medical department after guards temporarily deprived him of his walking cane for security reasons while in the infirmary. (ECF

No. 1.)  This Court dismissed that complaint without prejudice on May 26, 2021.  (ECF Nos. 8-9.)

Plaintiff filed an appeal, which was dismissed in November 2021.  (*See* ECF No. 20.)

On June 3, 2022, more than a year after his case was dismissed, Plaintiff filed his current motion to amend.  (ECF No. 22.)  In his proposed amended complaint, Plaintiff seeks to raise two types of claims – claims under 42 U.S.C. § 1983 asserting deliberate indifference to his medical needs, and claims brought pursuant to the Americans with Disabilities Act and the Rehabilitation Act asserting that Defendants did not properly accommodate his disabilities when they took his cane.  (ECF No. 22 at 7-19.)  All of the events discussed in the proposed amended complaint concern events which occurred in June 2019 and which were administratively exhausted in July 2019.  (*Id.* at 14-15.)

## II.    **LEGAL STANDARD**

This Court is required to screen Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A because Plaintiff is a convicted state prisoner suing employees of New Jersey State Prison.  Pursuant to § 1915A, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) [or § 1915A] is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss

2

does not need detailed factual allegations." *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007). However, a plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).   Although a statute of limitations defense is an affirmative defense, where allegations in a complaint reveal when the limitations period began to run, dismissal under Rule 12(b)(6) is appropriate. *Stephens v. Clash*, 796 F.3d 281, 288 (3d Cir. 2015).

III.   **DISCUSSION**

In his amended complaint, Plaintiff seeks to raise federal civil rights claims against various individuals related to injuries he allegedly suffered in June 2019 following the taking of his cane during a prison infirmary visit.   Plaintiff raises these claims pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act, and the Rehabilitation Act.   Claims brought under all three statutes in New Jersey are subject to New Jersey's two-year statute of limitations for personal injury actions.   *See Disabled in Action of Pa. v. S.E. Pa. Transp. Auth.*, 539 F.3d 199, 208 (3d Cir. 2008) (both ADA and Rehabilitation Act claims are subject to the general personal injury statute of limitations of the forum state); *see also Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013) (§ 1983 claims subject to state personal injury statute of limitations, which in New Jersey is two years).   Such a "statute of limitations is not tolled by the filing of a complaint subsequently dismissed without prejudice, as the original complaint is treated as if it never existed." *Brennan v. Kulick*, 407 F.3d 603, 606 (3d Cir. 2005) (internal quotations omitted).   As all of Plaintiff's claims arise out of events which occurred in June 2019, and as the administrative exhaustion of those claims was completed in July 2019,[1] and as Plaintiff's previously dismissed complaint did not toll the running of the statute of limitations, Plaintiff's current amended complaint appears to be well and truly time barred as nearly three years passed between the injuries in question and the

---

[1] Although the exhaustion of claims is not determinative of when a statute of limitations begins to run, it may be relevant to the question of equitable tolling. *See, e.g., Valdez v. Schillari*, No. 16-2943, 2017 WL 6619328, at *7 (D.N.J. Dec. 27, 2017) (noting that tolling may apply during a time period where plaintiff is "diligently pursu[ing]" the administrative exhaustion required of prisoners by statute in order to bring § 1983 claims).   Because Plaintiff directly asserts that he completed that process more than two years before he sought to file his amended complaint, the exhaustion process would provide no basis for equitable tolling after it was completed in July 2019.

filing of the current complaint. Absent some basis for tolling, then, Plaintiff's amended complaint must be dismissed.

In his motion to amend, Plaintiff does not present any specific basis for tolling, though he does suggest that his late filing might be excused because he briefly took on the services of a lawyer to help with his appeal, who agreed to the dismissal of his appeal allegedly without his consent. A plaintiff's attorney's mistakes or negligence, however, do not justify the tolling of the limitations period. *See, e.g., Valdez*, 2017 WL 6619328, at *7. Even putting that aside, however, the Court notes that the documents Plaintiff provides clearly show that the attorney in question only ever agreed to aid in Plaintiff's appeal – he did not agree to file an amended complaint, or pursue Plaintiff's case in this Court following an appeal. (*See* ECF No. 22 at 5.) Whatever failings counsel may have had, he was under no obligation to file a more-timely amended complaint on Plaintiff's behalf, and counsel's alleged deficiencies are thus largely irrelevant to the question of the timeliness of Plaintiff's current complaint. In any event, Plaintiff has provided no clear basis for the tolling of the statute of limitations, and this Court perceives no such basis from the record of this matter. Plaintiff's claims thus appear to be well and truly time barred, and his amended complaint is dismissed as such.

## IV.   **CONCLUSION**

For the reasons expressed above, Plaintiff's motion for leave to amend (ECF No. 22) is **GRANTED** to the extent that Plaintiff did not require leave of the Court to amend his complaint, and his amended complaint (ECF No. 22-3) is **DISMISSED** as time barred. An order consistent with this Opinion will be entered.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE