**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TREMAYNE DURHAM, <br><br> Plaintiff, <br><br> v. <br><br> B. DAVIS, *et al.*, <br><br> Defendants. | Civil Action No. 19-19126 (MAS) (TJB) <br><br> **OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Plaintiff's motion to vacate the dismissal of his amended complaint brought pursuant to Federal Rule of Civil Procedure 60(b). (ECF No. 25.) For the following reasons, Plaintiff's motion is denied.

**I.     BACKGROUND**

In October 2019, Plaintiff filed his initial complaint in this matter raising claims related to injuries he allegedly suffered as a result of a fall in a prison medical department after guards temporarily deprived him of his walking cane for security reasons while in the infirmary. (ECF No. 1.) This Court dismissed that complaint without prejudice on May 26, 2021. (ECF Nos. 8-9.) Plaintiff filed an appeal, which was dismissed in November 2021. (*See* ECF No. 20.) More than a year after his complaint was dismissed without prejudice and more than six months after his appeal was dismissed, Plaintiff filed a proposed amended complaint on June 3, 2022. (ECF No. 22.) Plaintiff's complaint, which raised civil rights and ADA claims, was concerned with a discreet series of events which occurred during a visit to a prison medical department in June 2019, and

did not concern any events which occurred after his administrative exhaustion of those claims in July 2019. (*See* ECF No. 22 at 7-19.) On January 6, 2023, this Court dismissed that amended complaint as time barred. (ECF Nos. 23-24.)

On January 20, 2023, Plaintiff filed his current motion to vacate that dismissal pursuant to Rule 60(b). According to Plaintiff, his claims should not be time barred because (1) the amended complaint should relate back to his original complaint, and (2) the claims present a continuing violation and should therefore carry forward. (*See* ECF No. 25 at 1-2.)

## II.   LEGAL STANDARD

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). "The remedy provided by Rule 60(b) is extraordinary, and special circumstances must justify granting relief under it." *Jones v. Citigroup, Inc.*, No. 14-6547, 2015 WL 3385938, at *3 (D.N.J. May 26, 2015) (quoting *Moolenaar v. Gov't of the Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987). While Rules 60(b)(1)-(5) permit reopening a judgment for specific, enumerated reasons including fraud or mistake, Rule 60(b)(6) permits a party to seek relief from a final judgment for "any . . . reason that justifies relief." "The standard for granting a Rule 60(b)(6) motion is a high one. The movant must show 'extraordinary circumstances' to justify reopening a final judgment." *Michael v. Wetzel*, 570 F. App'x 176, 180 (3d Cir. 2014) (quoting *Gonzalez*, 545 U.S. at 536). "[A] showing of extraordinary circumstances involves a showing that without relief from the judgment, 'an "extreme" and "unexpected" hardship will result.'" *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008) (quoting *Mayberry v. Maroney*, 558 F.2d 1159, 1163 (3d Cir. 1977)).

2

### III. DISCUSSION

In his current motion, Plaintiff argues that the Court should vacate the dismissal of his amended complaint as untimely. (ECF No. 25 at 1.) Plaintiff first asserts that his amended complaint should be construed to relate back to his original, dismissed complaint. (*Id.*) As this Court previously explained to Plaintiff, however, the applicable statute of limitations "is not tolled by the filing of a complaint subsequently dismissed without prejudice, as the original complaint is treated as if it never existed." *Brennan v. Kulick*, 407 F.3d 603, 606 (3d Cir. 2005) (internal citation and quotation marks omitted). Because this Court dismissed Plaintiff's original complaint without prejudice, it is treated as if it never existed, and there is therefore no extant complaint to which Plaintiff's late filed amended complaint could relate back. *Id.* Relation back thus provides no basis to save Plaintiff's amended complaint from dismissal.

Plaintiff next asserts that his claims should be permitted to proceed because he believes they represent a continuing violation because the prison still has a policy which does not permit canes in certain holding areas. The continuing violation doctrine "is an equitable exception to a strict application of a statute of limitations where the conduct complained of consists of a pattern that has only become cognizable as illegal over time." *Foster v. Morris*, 208 F. App'x 174, 177 (3d Cir. 2006) (citing *Cowell v. Palmer Township*, 263 F.3d 286, 292 (3d Cir. 2001)). Under the doctrine, where a violation is part of a continuing pattern of activity, so long as the last act complained of falls within the limitation period, the court will permit the claim to proceed even where some of the events would otherwise be untimely. *Id.* at 177-78. In order to receive this benefit, however, "a plaintiff must establish that the defendant's conduct is 'more than the occurrence of isolated or sporadic acts.'" *Cowell*, 263 F.3d at 292 (internal citation omitted). Such a determination requires consideration of at least the following three factors: (1) whether the violations constitute the same type of discrimination and are therefore connected; (2) how

3

frequently the acts are recurring and whether they are isolated incidents; and (3) the degree of permanence of the alleged violations and whether that permanence should have led a plaintiff to conclude that he had a duty to assert his rights in a timely fashion. *Id.* The degree of permanence is the most important factor. *Id.* Where the alleged violative conduct appears sufficiently permanent that the alleged harm will continue even in the absence of any future discriminatory intent, the continuing violation doctrine will not apply. *Foster*, 208 F. App'x at 178.

Plaintiff's claims in this matter relate to injuries he suffered as part of a fall in June 2019. He notes in his complaint that the holding area in which he fell does not have handrails, and that he believes there is an operating practice or policy of prohibiting canes in the holding area. Plaintiff, however, does not ask for injunctive relief—such as the installation of handrails—and does not make mention in his complaint of any repeated instances of being troubled by the lack of rails or the policy in question. Instead, Plaintiff seeks only compensatory and punitive damages related to his June 2019 fall and resulting injuries through his amended complaint. Plaintiff's claims are similar to those raised in *Foster*, a case in which a disabled inmate sought to raise claims related to a lack of grab bars and handrails in certain parts of the prison where he was housed, which the Third Circuit found did not permit the application of the continuing violation doctrine. *See Foster*, 208 F. App'x at 176. Although Plaintiff notes in his Rule 60(b) motion that the alleged policy is still in place and there are still not handrails in the medical unit, his request for relief in his amended complaint focuses on a single discreet event—his fall in June 2019—and makes no mention of further instances in which the policy or lack of rails have hindered him. In light of the permanence of the alleged issue (the lack of handrails accompanied by a seemingly permanent security policy of not permitting canes in the waiting area) and the discreet nature of the claim Plaintiff has presented (the complaint is entirely focused on the June 2019 incident), the continuing violation doctrine is inapplicable in this case and serves as no basis for avoiding the statute of

4

limitations. *Foster*, 208 F. App'x at 178. That doctrine thus provides no basis for overturning the dismissal of Plaintiff's amended complaint.[1] Plaintiff has shown no basis for vacating this Court's order dismissing his amended complaint, and his Rule 60(b) motion is therefore denied.

## IV.    CONCLUSION

For the reasons expressed above, Plaintiff's motion to vacate the dismissal of his amended complaint (ECF No. 25) is **DENIED**. An order consistent with this Opinion will be entered.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[1] Although the Court has dismissed Plaintiff's amended complaint and will not vacate the dismissal of that complaint as untimely insomuch as it alleges facts only related to the June 2019 incident and does not seek injunctive or other relief related to later incidents in which Plaintiff was denied handrails he believes he requires, Plaintiff remains free to file a new complaint under the ADA or Rehabilitation Act related to the lack of handrails to the extent Plaintiff believes he has a cognizable claim stemming from an ongoing lack of handrails and to the extent Plaintiff intends to pursue relief relating to that issue, rather than related to the June 2019 fall. *See Foster*, 208 F. App'x at 178.